Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7276

TERRAL L. BROOKS,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

<u>Terral L. Brooks</u>, of Pensacola, Florida, pro se.

<u>Tara J. Kilfoyle</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were <u>Peter D. Keisler</u>, Acting Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Martin F. Hockey</u>, Assistant Director. Of counsel on the brief were <u>David J. Barrans</u>, Deputy Assistant General Counsel, and <u>Y. Ken Lee</u>, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

2007-7276

TERRAL L. BROOKS,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

———————————————

DECIDED: November 7, 2007

———————————————

Before LOURIE, DYK, and PROST, Circuit Judges.

PER CURIAM.

Terral L. Brooks appeals a March 22, 2007, decision of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing, for failure to file a brief, his appeal of a September 30, 2005, decision of the Board of Veterans' Appeals ("Board"). Brooks v. Nicholson, No. 05-2948 (Vet. App. Mar. 22, 2007). We affirm.

## I. BACKGROUND

Between December 1997 and September 2004, the Department of Veterans Affairs ("VA") regional office ("RO") in St. Petersburg, Florida, granted Mr. Brooks service connection and various disability ratings for cervical spine stenosis, a lumbar spine disability, a mood disorder, and radiculopathy into his right-upper, left-upper, and left-lower extremities, but denied Mr. Brooks service connection for a thoracic spine

disability. Mr. Brooks appealed various aspects of the RO decisions to the Board, but his appeal was denied in a decision dated September 30, 2005. Accordingly, Mr. Brooks appealed to the Veterans Court.

On January 9, 2006, Mr. Brooks sent a letter to the Veterans Court seeking to counter-designate certain magnetic resonance imaging ("MRI") films as part of the record on appeal. The Veterans Court, however, denied Mr. Brooks's request and excluded the MRI films from the record, as they were not before the Board at the time of its decision. Mr. Brooks filed a motion requesting reconsideration of the order excluding the MRI films from the record, but the Veterans Court denied his motion.

Over the next several months, Mr. Brooks repeatedly attempted to stay the proceedings before the Veterans Court or postpone his briefing. Each time he erroneously asserted that the Veterans Court was still considering supplementing the record with his MRI films, and each time the Veterans Court denied his request, informed him that the dispute regarding his MRI films had already been resolved against him by the court, and stated that his briefing was due by October 2, 2006.

When Mr. Brooks failed to file a brief by the October 2 deadline, the Veterans Court issued an order, dated October 25, 2006, directing Mr. Brooks to show cause why his appeal should not be dismissed for failure to comply with the court's rules.

Rather than filing a response, Mr. Brooks filed a "motion to halt proceedings," a "notice of refusal of VA administrative claim," and a motion requesting a staff conference and oral argument. The Veterans Court denied Mr. Brooks's "motion to halt proceedings," but granted Mr. Brooks's motion for a staff conference and ordered him to file a brief no later than thirty days after the date of the staff conference.

Mr. Brooks, however, then filed a motion to vacate the Veterans Court's order granting the staff conference he had just requested. Instead, Mr. Brooks again requested a stay of the proceedings until the supposedly ongoing dispute regarding the record was resolved. In response, the Veterans Court revoked the previous grant of a staff conference and ordered Mr. Brooks to file a brief within thirty days. The Veterans Court also warned Mr. Brooks that failure to file a brief could result in the dismissal of his appeal without further notice.

Again, Mr. Brooks failed to file a brief by the court's deadline. Accordingly, the Veterans Court dismissed Mr. Brooks's appeal for failure to file a brief in accordance with Rules 3(a) and 31(b) of the Veterans Court Rules of Practice and Procedure in a decision dated March 22, 2007, and entered judgment on June 12, 2007. Mr. Brooks now appeals to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## II. DISCUSSION

In reviewing a Veterans Court decision, this court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and set aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2006). We review questions of statutory and regulatory interpretation de novo. Summer v. Gober, 225 F.3d 1293, 1295 (Fed. Cir. 2000). Except to the extent that an appeal presents a constitutional issue, this court

2007-7276                                      3

"may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Brooks argues that the Veterans Court violated multiple rules of procedure, excluded admissible evidence, and disregarded allegedly criminal conduct by the presiding judge. Those issues, however, are not before us. Mr. Brooks's appeal was dismissed for failure to file a brief in accordance with the Veterans Court Rules of Practice and Procedure. Section 7264(a) of Title 38 of the United States Code makes clear that appellants are required to comply with the Veterans Court's Rules of Practice and Procedure in presenting appeals to the Veterans Court. Furthermore, Rule 31(b) of the Veterans Court's Rules of Practice and Procedure explicitly states that "[i]f an appellant fails to file a brief within the time provided . . . , the Court, on its own initiative or on motion by the Secretary, may take appropriate action, to include dismissal of the appeal." Here, it is clear that, despite repeated opportunities and repeated warnings, Mr. Brooks failed to file a brief. Accordingly, the dismissal of Mr. Brooks's appeal was well within the Veterans Court's discretion.

## III. CONCLUSION

Because the Veterans Court's dismissal of Mr. Brooks's appeal was in accordance with law and neither arbitrary, capricious, nor an abuse of discretion, we affirm. Nothing in this opinion, of course, prevents Mr. Brooks from seeking to reopen proceedings before the VA based on claimed new and material evidence.

No costs.